United States District Court
Southern District of Texas

**ENTERED**

August 20, 2020

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| WILMINGTON TRUST, N.A., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:19-cv-144 |
| | § | |
| CARLOS AMARO, et al., | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On July 25, 2019, Plaintiff Wilmington Trust, N.A., Successor Trustee to Citibank, N.A., as Trustee f/b/o Holders of Structured Asset Mortgage Investments II Inc., Bear Stearns Alt-A Trust 2007-3, Mortgage Pass-Through Certificates, Series 2007-3 ("Wilmington Trust") filed a complaint against Carlos Amaro, Odelia M. De Amaro and All Other Occupants of 5 Mesquite Branch in Brownsville, Texas (collectively "Amaros" unless otherwise noted). Dkt. No. 1. Wilmington Trust bought the property at issue in this case at a foreclosure sale and seeks relief under theories of trespass to try title and trespass to realty. Id.

The Amaros have been served, but have not responded or defended themselves in this action. Dkt. Nos. 11, 12. The Clerk's Office has issued entries of default against Carlos Amaro and Odelia De Amaro. Dkt. Nos. 17, 18.

Pending before the Court is the motion for default judgment filed by Wilmington Trust. Dkt. No. 24. Wilmington Trust seeks a default judgment on its claims of trespass to try title and trespass to realty, as well as court costs and attorney's fees.

After reviewing the record and the relevant case law, it is recommended that the motion for default judgment be granted in part and denied in part. As to the claim of trespass to try title, the motion for default judgment should be granted and a judgment should issue declaring that Wilmington Trust lawfully holds the title to the subject property in fee simple absolute. As to the claim of trespass to realty, the motion for default judgment should be granted and the Court should hold a hearing to determine the quantum of

damages.  As part of that determination, Wilmington Trust should receive court costs in the final judgment.  On the other hand, it should not receive attorney's fees because Wilmington Trust is not entitled to them as a matter of law.

## I.    Background

### A. Factual Background

This case involves a long-running dispute about the foreclosure of a home mortgage.

On March 31, 2015, the Amaros filed a lawsuit in the 138th District Court in Cameron County, Texas. See Amaro, et al., v. Wilmington Trust NA, et al., Civil No. 1:15-74, Dkt. No. 1-4 (S.D. Tex. 2015) ((hereafter "First Federal Case").  On April 22, 2015, the case was removed to this Court. First Federal Case, Dkt. No. 1.  In that case, the Amaros filed claims for breach of contract and a declaratory judgment that the lien on the home was void under the Texas Constitution. First Federal Case, Dkt. No. 1-4.

On April 23, 2015, Wilmington Trust filed a counterclaim in Federal District Court, seeking a declaratory judgment that authorized it to conduct a foreclosure sale. First Federal Case, Dkt. No. 3.

On August 31, 2015, Wilmington Trust filed a motion for summary judgment, in that same Federal District Court. First Federal Case, Dkt. No. 10.  The Amaros did not file a response.

On March 31, 2016, the Federal District Court granted Wilmington Trust's motion for summary judgment; both of the Amaro's claims were dismissed. First Federal Case, Dkt. No. 16.  The Court also issued a declaratory judgment that Wilmington Trust was "authorized to conduct a non-judicial foreclosure sale of the subject property." First Federal Case, Dkt. No. 17.

On November 7, 2017, the foreclosure sale was held, with a substitute trustee running the sale. Dkt. No. 1-3.  Wilmington Trust purchased the property for $425,000. Id.

On November 17, 2017, Wilmington Trust sent a letter to the Amaros, demanding that they vacate the property. Dkt. No. 1-4.

When the Amaros did not vacate the property, Wilmington Trust filed suit in the Justice of the Peace Court in Cameron County. Dkt. No. 1-5.  On October 25, 2018, the

2

Justice of the Peace issued a writ of possession, which held that Wilmington was entitled to possession of the premises. Id.

The Amaros appealed this order to the County Court at Law. Dkt. No. 1-6.  The crux of the Amaros' argument was that while the judgment in the First Federal Case permitted a non-judicial foreclosure, Wilmington Trust utilized a judicial foreclosure process, invalidating the sale. Wilmington Tr. NA Tr. to Citibank, N.A. v. Amaro, No. 13-19-00190-CV, 2020 WL 2776541, at *3 (Tex. App. May 28, 2020).  On April 2, 2019, the County Court at Law denied the writ of possession on the grounds that Wilmington Trust "did not have the proper court order allowing foreclosure." Dkt. No. 1-6.

Wilmington Trust appealed that decision to the Court of Appeals of Texas.  On May 28, 2020, the Court of Appeals of Texas reversed the County Court at Law's decision. Wilmington Trust, 2020 WL 2776541, at *3.  Notably, the Court of Appeals held that the County Court at Law had no jurisdiction to determine the question of title and the propriety of the foreclosure in the writ of possession proceedings. Id.  The appellate court remanded the case to the County Court at Law, "with instructions to render judgment in favor of Wilmington Trust on its forcible detainer action." Id., at *4.

### B. Procedural History of Instant Case

On July 25, 2019, Wilmington filed suit in this Court, seeking relief under claims of trespass to realty, trespass to try title, and a declaratory judgment that it "is the party holding proper fee title to the Property with a right to immediate possession." Dkt. No. 1.

On September 17, 2019, summons and copy of the complaint were served on both Amaros; Odelia de Amaro was served in person and Carlos Amaro was served via personal service on his wife. Dkt. Nos. 11, 12.

Neither Amaro entered an appearance, nor otherwise defended against this action.

On November 6, 2019, Wilmington Trust requested entries of default against each Amaro. Dkt. No. 15.  In its motion, Wilmington Trust included an affidavit that neither Amaro was in active military service. Dkt. No. 15-1.

On December 18, 2019, the Federal District Clerk's Office filed entries of default against each Amaro. Dkt. Nos. 17, 18.  The entries of default were sent to the Amaros by certified mail. Dkt. Nos. 21, 22.

On February 11, 2020, Wilmington Trust filed a motion for default judgment. Dkt. No. 24.  In that motion, Wilmington Trust sought to dismiss its claims against the other occupants without prejudice to refiling and to dismiss its trespass to try title claim without prejudice to refiling.  No defendant responded to the motion.

On July 29, 2020, the Court ordered Wilmington Trust to file a brief as to how the state appellate court's mandate bears on its right to relief in this case, as well as whether abstention was warranted. Dkt. No. 27.

On August 14, 2020, Wilmington Trust filed its brief, outlining that the state court proceedings could only decide who was entitled to possess the property, but could not decide which party held superior title to the property. Dkt. No. 28.  Thus, Wilmington Trust asserted that it could still proceed on its trespass to try title and trespass to realty claims and abstention was not warranted. Id.

On August 17, 2020, the Court issued an order, noting that Wilmington Trust had sought dismissal of its trespass to try title claim in its motion for default judgment, but appeared to still be pursuing it in its brief. Dkt. No. 30.  The Court ordered Wilmington Trust to clarify the relief sought. Id.

On August 18, 2020, Wilmington Trust filed its brief, confirming that it was seeking relief to its claim of trespass to try title. Dkt. No. 31.

## II. Default Judgments

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).  After a defendant has defaulted, judgment shall be entered upon affidavit of the amount due if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation. FED. R. CIV. P. 55(b).  The plaintiff must file an affidavit stating whether the defendant is in military service before the Court can issue a default judgment. 50 App. U.S.C. § 521(b)(1).

Default judgments "are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (citing Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n., 874 F.2d 274, 276 (5th Cir.1989)). The plaintiff "is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." Settlement Funding, LLC v. TransAmerica Occidental Life Ins. Co., 555 F.3d 422, 424 (5th Cir. 2009).

In order to properly resolve a motion for default judgment, the Court must determine: (1) whether default judgment is procedurally warranted; (2) whether the Plaintiff's complaint has pled sufficient facts establishing that it is entitled to relief; and (3) what form of relief, if any, the Plaintiff should receive. U.S. v. Giles, 538 F. Supp. 2d 990, 993 (W.D. Tex. 2008).  The plaintiff's well-pleaded factual allegations are taken as true. U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc., 814 F.2d 1011, 1014 (5th Cir. 1987).

## III. Analysis

### A. Procedurally Warranted

Default judgment is procedurally warranted in this case.  The Amaros have failed to plead or otherwise defend themselves in this matter, despite receiving service of the complaint and summons.  The District Clerk's Office has filed an entry of default.  The Court has waited at least 21 days since the motion for default judgment was filed, but the defendant still has taken no action to defend this case.  Finally, Wilmington Trust has submitted an affidavit that neither Amaro is in military service. Dkt. No. 15-1.

### B. Substantively Warranted

Wilmington Trust has sought two forms of relief, which the Court restates as follows: (1) trespass to try title or alternatively, a declaratory judgment that it has proper title to the property and (2) trespass to realty.  The Court will address each of these in turn.

#### 1. Trespass to Try Title

"In general, the action of trespass to try title suit is in its nature a suit to recover the possession of land unlawfully withheld from the owner and to which he has the right of immediate possession." Rocha v. Campos, 574 S.W.2d 233, 235 (Tex. Civ. App. 1978).

To prevail in a trespass-to-try-title action, a plaintiff can succeed in one of four ways: "(1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." Deloach v. Stelly, No. 01-19-00182-CV, 2020 WL 4689194, at *5 (Tex. App. Aug. 13, 2020).

The judgment in the First Federal Case authorized Wilmington Trust to hold a non-judicial foreclosure of the home. First Federal Case, Dkt. No. 17.  The substitute trustee held the foreclosure sale, during which Wilmington Trust purchased the property. Dkt. No. 1-3.  The valid foreclosure sale extinguished the Amaros's interest in the property. Singha v. BAC Home Loans Servicing, L.P., 564 F. App'x 65, 72 (5th Cir. 2014).  By purchasing the property at the foreclosure sale, Wilmington Trust obtained superior title from a common source. Franklin v. BAC Home Loans Servicing, LP, No. 3:10-CV-1174-M, 2012 WL 2679496, at *10 (N.D. Tex. June 6, 2012), report and recommendation adopted, No. 3:10-CV-1174-M, 2012 WL 2688809 (N.D. Tex. July 5, 2012) Casstevens v. Smith, 269 S.W.3d 222, 235 (Tex. App. 2008).  Thus, Wilmington Trust is entitled to substantive relief on its claim of trespass to try title.

### 2. Trespass to Realty

"The gist of an action for trespass to realty is the injury to the right of possession." Fowler v. Lund, No. 14-11-00115-CV, 2012 WL 8017138, at *2 (Tex. App. Feb. 16, 2012). "A claim for trespass to real property requires a showing of an unauthorized physical entry onto the plaintiff's property by some person or thing." Texas Woman's Univ. v. The Methodist Hosp., 221 S.W.3d 267, 286 (Tex. App. 2006).  "To recover damages for trespass to real property, a plaintiff must prove that (1) the plaintiff owns or has a lawful right to possess real property, (2) the defendant entered the plaintiff's land and the entry was physical, intentional, and voluntary, and (3) the defendant's trespass caused injury to the plaintiff." Wilen v. Falkenstein, 191 S.W.3d 791, 798 (Tex. App. 2006).

All three elements have been met in this case.  As discussed earlier, Wilmington Trust has shown that it owns the subject property, having purchased it at a valid foreclosure sale.  The Amaros have physically, intentionally and voluntarily entered the subject

property.  The trespass has caused injury to Wilmington because it has prevented it from re-selling or renting the home, depriving of it of the full fruits of possession.  Thus, Wilmington Trust is entitled to substantive relief on its claim of trespass to realty.

### C. Relief

The Court now turns to what relief Wilmington Trust is entitled to based on its claims.

#### 1. Trespass to Try Title

Wilmington Trust seeks a declaration that it holds the title to the subject property. Dkt. No. 24-5.

The Declaratory Judgment Act permits federal courts to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Given that Wilmington Trust is entitled to relief, a judgment declaring that it is the true and rightful owner of the title is proper relief in this case.

#### 2. Trespass to Realty

Wilmington Trust seeks damages for the trespass to realty.  Such damages should be sustained.

This is not a case where Wilmington Trust asserts that the property has been damaged or has lost market value between when it was purchased and now.  Rather, Wilmington Trust asserts that it has been damaged by its inability to use the property and to exclude others from it.

Texas law permits Wilmington Trust to recover an implied contract basis for the use and occupation of the land, based on a reasonable market measure. Villarreal v. Grant Geophysical, Inc., 136 S.W.3d 265, 269 (Tex. App. 2004) (citing Harrell v. Vahlsing, 248 S.W.2d 762, 772–773 (Tex. Civ. App.-San Antonio 1952, writ ref'd n.r.e.)); Phillips Petroleum Co. v. Cowden, 241 F.2d 586, 592 (5th Cir. 1957).

Wilmington Trust "values the monthly rental value of the property at one percent of the amount of the foreclosure price." Dkt. No. 24-2, p. 2.  Thus, Wilmington Trust places the monthly rental value of the property at $4,250, based on a purchase price of $425,000. Id.  While this valuation may be the value that Wilmington Trust seeks in order to recoup

its investment[1], there is no evidence that this is a reasonable market measure of rent.  There is no evidence in the record that Wilmington Trust could reasonably expect to receive a monthly rent payment of $4,250 for this property in Brownsville, Texas.

The Court should either hold a hearing or require Wilmington Trust to submit further evidence to determine the amount of damages. FED. R. CIV. P. 55(b)(2)(B).

### 3. Costs and Fees

Wilmington Trust has sought reimbursement of costs and fees, including attorney's fees.

Wilmington Trust is entitled to court costs as a prevailing party. FED. R. CIV. P. 54(d)(1).  Wilmington Trust has identified $580.00 in costs and should receive those costs in a final judgment. Dkt. No. 24-4.

Wilmington Trust, however, is not entitled to attorney's fees.  Wilmington Trust is required to identify "the statute, rule, or other grounds entitling the movant to the award" of attorney's fees. FED. R. CIV. P. 54(d)(2).  It does not appear that there is a statute or rule entitling Wilmington Trust to attorney's fees.

"[T]he law is settled that when a federal court sits in diversity, entitlement to attorney's fees is governed by state law." Grant v. Chevron Phillips Chem. Co., 309 F.3d 864, 875 n. 37 (5th Cir. 2002).  Thus, the Court must look to Texas law to determine the entitlement to attorney's fees.  "Attorney's fees are not recoverable under the statutes governing trespass to try title." McAnally v. Friends of WCC, Inc., 113 S.W.3d 875, 881 (Tex. App. 2003).  Furthermore, attorney's fees are not authorized in trespass suits generally. Wilen, 191 S.W.3d at 805 (citing Pargas of Longview, Inc. v. Jones, 573 S.W.2d 571, 574 (Tex. Civ. App.-Texarkana 1978, no writ)).  The Court can find no statutory basis to authorize the payment of attorney's fees and Wilmington Trust has cited none.  The request for attorney's fees should be denied without prejudice to refiling.  If there is a

---

[1] See Justin Pierce, Doing the Calculations on Purchasing a Rental Property, Washington Post, May 14, 2018, https://www.washingtonpost.com/news/where-we-live/wp/2018/05/14/doing-the-calculations-on-purchasing-a-rental-property (noting that a landlord should seek a monthly rental payment that is equal to or greater than 1 percent of the total purchase cost).

statute or rule that entitles Wilmington Trust to attorney's fees, it can identify it in a properly filed motion under FED. R. CIV. P. 54(d)(2).

**V.     Recommendation**

For the reasons discussed above, it is **RECOMMENDED** that the Court issue a default judgment as follows against Carlos Amaro and Odelia M. Amaro.

As to the trespass to try title claim, the Court should issue a judgment, declaring that title to the real property located at 5 Mesquite Branch, Brownsville, Cameron County, Texas 78521 and more particularly described as:

LOT ONE (1), BLOCK TWO (2), MESQUITE GROVE NO. II SUBDIVISION, CITY OF BROWNSVILLE, CAMERON COUNTY, ACCORDING TO MAP OF SAID SUBDIVISION, RECORDED IN CABINET 1, PAGES 1241-B, MAP RECORDS OF CAMERON COUNTY, TEXAS

is vested and held by Plaintiff, Wilmington Trust NA, Successor Trustee to Citibank, N.A., as Trustee f/b/o Holders of Structured Asset Mortgage Investments II Inc., Bear Stearns ALT-A Trust 2007-3, Mortgage Pass-Through Certificates, Series 2007-3 in fee simple absolute.

As to the trespass to realty claim, the Court should grant the motion for default judgment and require further evidence as to the exact quantum of damages, based on the fair market rental value of the property.  The final judgment of damages should include $580.00 in costs of court.  The request for attorney's fees should be denied without prejudice to refiling.

It is recommended that Wilmington Trust's motion to dismiss "all other occupants" of the property as defendants be granted, without prejudice to refiling.

**B. Notice to Parties**

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1).  A party filing objections must specifically identify the factual or legal findings to which objections are being made.  The District

Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting those findings.  If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except upon grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on August 20, 2020.

Ronald G. Morgan
United States Magistrate Judge